UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. DYKES,

        Plaintiff,

Case No. 1:18-cv-664

Hon. Paul L. Maloney

v.

UNKNOWN BENSON, *et al.*,

        Defendants.

                                /

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. Plaintiff filed this lawsuit on June 14, 2018, suing 13 defendants on various constitutional claims. *See* Compl. (ECF No. 1). At the time, plaintiff was incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Michigan, and the defendants were prison personnel at ECF. After a dismissal, appeal, remand, and re-screening, the court concluded that "Plaintiff's First Amendment retaliation claims against Defendants Benson, Haske, Gainer, Iverson, Austin, and Thomas, Eighth Amendment claims against Defendants Davis, Thompson, Miseta, and Austin, and First Amendment free exercise claims against Defendant Austin remain in the case." Opinion (ECF No. 17, PageID.295). On October 25, 2019, the MDOC transferred plaintiff to the Kinross Correctional Facility (KCF) in Kincheloe, Michigan. *See* Address Change (ECF No. 50).

      **I.**    **Discussion**

This matter is now before the Court on plaintiff's "Request for preliminary injunction/restraining order against more retaliatory actions from the defendants" (ECF No. 51).

1

In his motion, plaintiff contends that he fears retaliatory action from ECF personnel and asks the Court to order the MDOC to transfer him to a "down state facility closer to the Federal Court Building in Grand Rapids, Michigan." Motion at PageID.527. Preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline at a correctional facility must meet a heavy burden.

In the present case, it is unnecessary for the court to address the merits of plaintiff's request for a preliminary injunction. As reflected in his motion, plaintiff was transferred from ECF and is now incarcerated at KCF. Plaintiff's transfer rendered his claims for injunctive relief against ECF personnel moot. *See Berryman v. Granholm*, 343 Fed. Appx. 1, 4-5 (6th Cir. 2009); *Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003) (prisoner's claim for injunctive relief

against prison officials became moot when prisoner was transferred from the prison of which he complained to a different facility); *Kensu v. Haight*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for declaratory and injunctive relief for prison staff's improper examination of his legal mail found moot because he was no longer confined at the facility that searched his mail).

## II.     Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for injunctive relief (ECF No. 51) be **DENIED**.

Dated:  August 6, 2020                                            /s/ Ray Kent
                                                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).