UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. DYKES, | ) |
|         Plaintiff, | ) |
| | )   No. 1:18-cv-664 |
| -v- | ) |
| | )   Honorable Paul L. Maloney |
| UNKNOWN BENSON, et al., | ) |
|         Defendants. | ) |
| | ) |

### ORDER MODIFYING AND ADOPTING REPORT & RECOMMENDATION

On March 13, 2020, United States Magistrate Judge Ray Kent issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion for partial summary judgment in part and deny it in part (ECF No. 56). Defendants timely objected (ECF No. 57), as did Plaintiff Robert Davis (ECF No. 59). For the reasons to be discussed, the Court will sustain two objections, overrule the remaining objections, modify the R&R, and adopt it as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The Court will first address Defendants' objections. The R&R allows several claims to proceed after finding that they were properly exhausted. Defendants object to that conclusion on three claims, arguing that they are not properly exhausted and therefore, they must be dismissed.

First, Defendants object to the R&R's finding that Dykes' claims against Classification Director Haske are exhausted and can proceed. Dykes claims that Director Haske failed to secure him proper pay, assigned him to work in unpleasant conditions, and inappropriately classified him to Security Threat Group status (*see* R&R at § II.E.2.b). Defendants object to this finding because there is no analysis on the issue,[1] and because there is no evidence that

---

[1] Page 17 of the R&R, which appears as if it should have the analysis on this issue, is completely blank.

2

Dykes exhausted this issue. In response, Dykes points to a Step One Grievance that resolved the pay issue (*see* ECF No. 1-1 at PageID.69-71). The only issue discussed in this grievance is the improper pay issue, which was resolved on December 6, 2017 (*id.* at PageID.71). The grievance does not raise the issue of unpleasant conditions, nor does it raise the improper classification issue. Therefore, the Court finds that the proper pay issue is exhausted and may proceed, but the remaining two claims against Director Haske are not properly exhausted and must be dismissed. This objection will be sustained.

Next, Defendants object to the R&R's conclusion that Dykes may proceed on his claim that Corrections Officer Austin was deliberately indifferent to his serious medical needs.[2] Dykes raised the issue at the same time he raised his First Amendment claim against Austin (Grievance ECF-2018-01-0278-28c), and the R&R concluded that the First Amendment claim was not properly exhausted because it was abandoned by the time the grievance reached Step Three. To the extent that Dykes raised a deliberate indifference claim, that was also abandoned by the time the grievance reached Step Three. Therefore, the Court adopts the R&R's reasoning on the First Amendment claim and applies it to the deliberate indifference claim; this requires a finding that the deliberate inference claim was not properly exhausted and must be dismissed. This objection will be sustained.

Third, Defendants object to the R&R's conclusion that Dykes may proceed on his claims that Corrections Officer Thompson and ARUS Miseta denied a request for cleaning supplies and equipment. While the grievance at issue did not specifically request "cleaning

---

[2] There is no analysis in the R&R on his issue: The R&R simply does not address it anywhere.

3

supplies" in so many words, the grievance did alert prison staff to living conditions that were intolerably dirty. The Court agrees with the R&R's analysis that the grievance was sufficient to give prison staff notice that Dykes was living in a filthy cell, and relying on MDOC staff to either clean his cell or provide him cleaning supplies to do so himself. This objection will be overruled.

Turning to Dykes' objections: Dykes first argues that the R&R's conclusion that he failed to exhaust most of his claims against Benson. On review of the R&R's analysis, the Court finds no error: each of Dykes' grievances appear to be grievances about policies and procedures and were denied as such. None of the grievances in question claim that Benson retaliated against him: each raise an issue of policy, like moving between cells or opening the cell's window flap. The Court finds no error in the R&R, and this objection is overruled.

Next, Dykes objects to the R&R's conclusion that he did not exhaust his retaliation claim against CO Gainer, CO Austin, and CO Iverson because he did not raise the issue at the initial misconduct hearing. Dykes did raise the issue on appeal, but this is insufficient: as the R&R concluded, retaliation theories must be raised during the initial misconduct hearing. *See Kinard v. Valone*, No. 19-1790, 2020 WL 4044991 (6th Cir. May 15, 2020) (citing *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011)). There is no error in the R&R here, and this objection is overruled.

Third, Dykes objects to the R&R's conclusion that he failed to exhaust his retaliation claim against RUM Thomas. Dykes argues that he should not be required to pursue the grievance to Step Two and Three when RUM Thomas threatened to extend his stay in segregation until he signed off on the grievance at Step One. However, there is no statement—

4

in the identified grievance or in any other grievance—that shows that Dykes filed a grievance involving *any* threat from RUM Thomas. Therefore, the issue of retaliation from RUM Thomas has not been raised or exhausted, and there is no error in the R&R. This objection will be overruled.

Finally, Dykes objects to the R&R's conclusion regarding his Free Exercise claim against CO Austin. However, the Court agrees with the R&R's analysis: Dykes' Step Three objection raises issues not presented in Step One or Two, so the Step Three appeal was rejected for procedural reasons. Therefore, the claim presented at Step Three was not properly exhausted. There is no error in the R&R on this point, and the objection will be overruled.

## Conclusion

For these reasons, the Court will sustain two of Defendants' objections and dismiss the two corresponding claims. The remaining objections will be overruled.

For ease of reference moving forward, only the following claims remain:

1. CO Benson retaliated against plaintiff regarding his prison work assignment (plaintiff would never receive his correct pay, plaintiff would never receive a position higher than general porter, and plaintiff might lose his current work assignment).
2. Classification Director Haske failed to secure plaintiff proper pay.
3. CO Davis, CO Thompson, and ARUS Miseta were deliberately indifferent to plaintiff's health and safety when they forced him into the intolerable segregation cell.
4. CO Thompson and AUS Miseta denied plaintiff's request for cleaning equipment.

## ORDER

**IT IS ORDERED** that the March 13, 2020 R&R (ECF No. 56) is **MODIFIED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' objections to the R&R (ECF No. 57) are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 59) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 43) is **GRANTED** in part and **DENIED** in part as described above.

**IT IS SO ORDERED.**

Date: August 14, 2020                                 /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge