UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT DYKES #201541, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>KRISTA BENSON, *et al.*, )<br>      Defendants. )<br>_____ ) | No. 1:18-cv-664<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Ray Kent, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on January 3, 2022 (ECF No. 80). The R&R recommends that this Court grant Defendants' motion for summary judgment on all remaining claims and terminate this matter. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff Dykes filed several objections to the R&R (ECF No. 81), and Defendants filed a response (ECF No. 83). Because Plaintiff has failed to raise a genuine dispute of material fact, the Court will overrule Plaintiff's objections and grant Defendants' motion for summary judgment.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff is a prisoner in the custody of the MDOC, and five defendants remain in this action: Corrections Officer (CO) Krista Benson, Classification Director Amy Haske, CO Brent Davis, CO James Thompson, and Prison Counselor (PC) Patrick Miseta. The R&R explained the four remaining claims against these defendants:

> 1. CO Benson retaliated against plaintiff regarding his prison work assignment (plaintiff would never receive his correct pay, plaintiff would never receive a position higher than general porter, and plaintiff might lose his current work assignment).
>
> 2. Classification Director Haske failed to secure plaintiff proper pay.
>
> 3. CO Davis, CO Thompson, and PC Miseta were deliberately indifferent to plaintiff's health and safety when they forced him into the intolerable segregation cell.
>
> 4. CO Thompson and PC Miseta denied plaintiff's request for cleaning equipment.

(ECF No. 80 at PageID.702-03).

Plaintiff filed six objections, and this Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objections.

First, Plaintiff objects to the R&R' recommendation to grant summary judgment for Defendant Benson on his First Amendment retaliation claim. The R&R found that Defendant Benson is entitled to summary judgment because Dykes could not show a causal connection to establish a retaliation claim against Defendant Benson (*Id.* at PageID.707).

2

The basis for this finding is that Defendant Benson had no authority to change Plaintiff's prison employment position or pay rate (*Id.*). According to Defendant Benson's declaration and the R&R, Defendant Benson was "not able to change prisoner's pay, nor change their job assignments" (ECF No. 69-2 at PageID.631). Thus, Plaintiff's allegations that Defendant Benson retaliated against Plaintiff by threatening him with the loss of his work assignment and failing to give Plaintiff his proper pay are meritless. Plaintiff's objection failed to specifically refute this finding. Instead, Plaintiff merely rehashes his claim. His objection is insufficient and must be overruled. *See Brown*, 2017 WL 4712064, at *2.

Second, Plaintiff asserts a broad objection that the R&R improperly concluded that Defendant Haske is entitled to summary judgment, also on the First Amendment retaliation claim. The R&R concluded that "The record reflects that Classification Director Haske corrected the error with respect to Dykes' prison work assignment and that Dykes received payment at the rate of $1.08 per day. There is no evidence to support Dykes' claim that Haske failed to secure him proper pay" (ECF No. 80 at PageID.710). Because Plaintiff had previously complained about his pay through the prison grievance process and this issue had already been corrected by Plaintiff signing off on the grievance, the R&R recommends granting summary judgment for Defendant Haske. Again, Plaintiff's objection rehashes his original claim instead of raising a specific objection to the R&R's findings. He states that Defendant Haske "tricked" Plaintiff into signing off on the grievance, but the record does not support this assertion (ECF No. 81 at PageID.733). This objection is also overruled.

Plaintiff's third objection challenges the R&R's recommendation to grant Defendants Davis, Miseta, and Thompson summary judgment on Plaintiff's Eighth Amendment

3

deliberate indifference claim. Plaintiff argues that the R&R "failed to assess the facts," and that it "misconstrued subjective facts" (ECF No. 81 at PageID.733). In regard to Plaintiff's assertion that the R&R "failed to assess the facts," this statement is plainly false. The R&R lays out the relevant facts to this claim and conducts a thorough analysis (ECF No. 80 at PageID.713-17). And Plaintiff's argument that the R&R "misconstrued subjective facts" also fails. Under this objection, he includes a section titled "Overlooked Facts," which he argues establish an Eighth Amendment violation (ECF No. 81 at PageID.735). However, even assuming these "overlooked facts" are true, Plaintiff still cannot support a deliberate indifference claim. The R&R cited a plethora of case law regarding unsanitary conditions similar to what Plaintiff has alleged, and the consensus across the circuits appears to be that such conditions do not violate the Eighth Amendment (*see* ECF No. 80 at PageID.712). As such, the R&R correctly concluded that Plaintiff was subject to a "temporary inconvenience which does not establish a federal constitutional violation" (*Id.* at PageID.717). Therefore, Plaintiff's third objection is also overruled.

Fourth, Plaintiff argues that the magistrate judge permitted Defendants to untimely file their motion for summary judgment. As Judge Kent already acknowledged in a previous order, Defendants' motion was timely (*see* ECF No. 79 at PageID.698). This objection is frivolous and is overruled.

Plaintiff's fifth and sixth objections concern Defendants' "improper" and "unsworn" affidavits. Judge Kent already concluded that Defendants incorrectly titled these documents as "affidavits"; rather, they are valid, unsworn declarations under 28 U.S.C. § 1746(2) (*see*

4

ECF No. 79 at PageID.699-700). The R&R did not err in relying on these declarations, and the Court also overrules Plaintiff's fifth and sixth objections.

Given that there are no errors in the magistrate judge's analysis and Plaintiff has failed to raise a genuine issue of material fact, the Court will grant Defendants' motion for summary judgment in its entirety. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 80) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 68) is **GRANTED.**

Judgment to follow.

**IT IS SO ORDERED.**

Date: February 8, 2022                                /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge